Hearing Date and Time: **March 21, 2013 at 10:00 a.m. (ET)**
Objection Deadline: **March 14, 2013 at 4:00 p.m. (ET)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Norman S. Rosenbaum
Stefan W. Engelhardt
Paul Galante
Erica J. Richards

*Counsel for the Debtors and*
*Debtors in Possession*

## UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

| | | |
|---|---|---|
| Brian Finell Kimber and Malinda Kimber, | : | |
| | : | Adv. Proc. 12-02045 (MG) |
| Plaintiffs, | : | |
| | : | |
| *v.* | : | |
| | : | |
| GMAC Mortgage LLC; Amerigroup | : | |
| Mortgage Corporation; Transcontinental | : | |
| Title Co.; Mortgage Electronic Registration | : | |
| Systems, Inc.; Susan Turner; Ahn P. Nguyen; | : | |
| Executive Trustee Service LLC; Pite Duncan, | : | |
| LLP; Gabrial Ozel; Raye Mayhorn; Realty | : | |
| Executives of Killen, Inc.; Sol Jessy Lockhart; | : | |
| and Alarcon Law Group P.C. | : | |
| | : | |
| Defendants. | : | |

-----------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | |
| | : | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, *et al.*, | : | |
| | : | Chapter 11 |
| | : | |
| Debtors | : | Jointly Administered |

-----------------------------------------------------------x

## NOTICE OF DEBTORS' MOTION FOR DISMISSAL OF ADVERSARY PROCEEDING PURSUANT TO BANKRUPTCY RULE 7012(b) AND FRCP 12(b)(5), AND (6) OR, IN THE ALTERNATIVE, PERMISSIVE ABSTENTION PURSUANT TO 28 U.S.C. § 1334(c)(1)

**PLEASE TAKE NOTICE** that the undersigned have filed the attached *Motion for Dismissal of Adversary Proceeding Pursuant to Bankruptcy Rule 7012(b) and FRCP 12(b)(5) and (6) or, in the Alternative, Permissive Abstention Pursuant to 28 U.S.C. § 1334(c)(1)* (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Motion will take place on **March 21, 2013 at 10:00 a.m. (prevailing Eastern Time)** before the Honorable Martin Glenn, at the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408, Room 501.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Motion must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Notice, Case Management, and Administrative Procedures approved by the Bankruptcy Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic case filing system, and be served, so as to be received no later than **March 14, 2013 at 4:00 p.m. (Prevailing Eastern Time)**, upon (a) counsel to the Debtors, Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, NY 10104 (Attention:  Norman S. Rosenbaum, Stefan W. Engelhardt, Paul Galante and Erica Richards); (b) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, NY 10004 (Attention: Tracy Hope Davis, Linda A. Riffkin, and Brian S. Masumoto); (c) the Office of the United States Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue NW, Washington, DC 20530-0001 (Attention: U.S. Attorney General, Eric H. Holder, Jr.); (d)  Office of the New York State

Attorney General, The Capitol, Albany, NY 12224-0341 (Attention: Nancy Lord, Esq.

and Enid N. Stuart, Esq.); (e) Office of the U.S. Attorney for the Southern District of

New York, One St. Andrews Plaza, New York, NY 10007 (Attention: Joseph N. Cordaro,

Esq.); (f) counsel for Ally Financial Inc., Kirkland & Ellis LLP, 153 East 53rd Street,

New York, NY 10022 (Attention: Richard M. Cieri); (g) counsel to Barclays Bank PLC,

as administrative agent for the DIP lenders, Skadden, Arps, Slate, Meagher & Flom LLP,

Four Times Square, New York, NY 10036 (Attention: Ken Ziman & Jonathan H. Hofer);

(h) counsel for the committee of unsecured creditors, Kramer Levin Naftalis & Frankel

LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attention: Kenneth Eckstein

& Greg Horowitz); (i) counsel for Ocwen Loan Servicing, LLC, Clifford Chance US LLP,

31 West 52nd Street, New York, NY 10019 (Attention: Jennifer C. DeMarco and Adam

Lesman); (j) counsel for Berkshire Hathaway Inc., Munger, Tolles & Olson LLP, 355

South Grand Avenue, Los Angeles, CA 90071 (Attention:  Thomas Walper and Seth

Goldman); (k) Internal Revenue Service, P.O. Box 7346, Philadelphia, PA 19101-7346

(if by overnight mail, to 2970 Market Street, Mail Stop 5-Q30.133, Philadelphia, PA

19104-5016); and (l) Securities and Exchange Commission, New York Regional Office,

3 World Financial Center, Suite 400, New York, NY 10281-1022 (Attention: George S.

Canellos, Regional Director).

**PLEASE TAKE FURTHER NOTICE** that if you do not timely file and serve a

written objection to the relief requested in the Motion, the Bankruptcy Court may deem

any opposition waived, treat the Motion as conceded, and enter an order granting the

relief requested in the Motion without further notice or hearing.

Dated:  March 6, 2013
      New York, New York

Respectfully submitted,


/s/ Norman S. Rosenbaum
Norman S. Rosenbaum
Stefan W. Engelhardt
Paul Galante
Erica J. Richards
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel to the Debtors and
Debtors in Possession*

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Norman S. Rosenbaum
Stefan W. Engelhardt
Paul Galante
Erica J. Richards

*Counsel for the Debtors and*
*Debtors in Possession*

## UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x
                              :

Brian Finell Kimber and Malinda Kimber,   :

                              :      Adv. Proc. 12-02045 (MG)

          Plaintiffs,   :

                              :

            *v.*   :

                              :

GMAC Mortgage LLC; Amerigroup   :
Mortgage Corporation; Transcontinental   :
Title Co.; Mortgage Electronic Registration   :
Systems, Inc.; Susan Turner; Ahn P. Nguyen;   :
Executive Trustee Service LLC; Pite Duncan,   :
LLP; Gabrial Ozel; Raye Mayhorn; Realty   :
Executives of Killen, Inc.; Sol Jessy Lockhart;   :
and Alarcon Law Group P.C.   :

                              :

          Defendants.   :
-------------------------------------------------------x
In re   :

                              :      Case No. 12-12020 (MG)

RESIDENTIAL CAPITAL, LLC, *et al.*,   :

                              :      Chapter 11

                              :

          Debtors   :      Jointly Administered
-------------------------------------------------------x

## DEBTORS' MOTION FOR DISMISSAL OF ADVERSARY PROCEEDING PURSUANT TO BANKRUPTCY RULE 7012(b) AND FRCP 12(b)(5), AND (6) OR, IN THE ALTERNATIVE, PERMISSIVE ABSTENTION PURSUANT TO 28 U.S.C. §1334(c)(1)

# TABLE OF CONTENTS

**Page**

I.     PRELIMINARY STATEMENT ...................................................................1

II.    JURISDICTION AND VENUE ................................................................2

III.   BACKGROUND .....................................................................................2

     A.    General Bankruptcy Case Background...............................................2

     B.    Events Giving Rise to the Adversary Proceeding ...................................3

         (i)     Origination and Foreclosure of Plaintiffs' Loan........................3

         (ii)    Plaintiffs' Bankruptcy Cases ..................................................4

         (iii)   The Adversary Proceeding .....................................................6

IV.   ARGUMENT .........................................................................................6

     A.    The Adversary Proceeding Should Be Dismissed Pursuant to  Bankruptcy Rule 7012(b) and FRCP 12(b)(5) and (6)...............................................6

         (i)     Failure to State a Claim .........................................................7

              (a)    Legal Standard...........................................................7

              (b)    Plaintiff's Claims are Barred by Res Judicata and Judicial Estoppel ...............................................................8

         (ii)    Insufficient Service of Process ...............................................11

     B.    The Court Should Abstain from Exercising Jurisdiction  Over the Adversary Proceeding.............................................................12

V.    CONCLUSION ......................................................................................14

EXHIBITS:

     Exhibit 1:  Richards Decl.
           Exhibit A: Texas Complaint
           Exhibit B:  Texas Order

# TABLE OF AUTHORITIES

Page(s)

CASES

Aegis Realty Corp. v. Langer (In re Aegis Realty Corp.),
    301 B.R. 116 (Bankr. S.D.N.Y. 2003) ................................................................8

Banco Santander de Puerto Rico v. Lopez-Stubbe (In re Colonial Mortg. Bankers Corp.),
    324 F.3d 12 (1st Cir. 2003)................................................................................8

Bernheim v. Litt,
    79 F.3d 318 (2d Cir. 1996) ...............................................................................7

Brass v. Am. Film Techs., Inc.,
    987 F.2d 142 (2d Cir. 1993) .............................................................................7

Chase v. Chase (In re Chase),
    392 B.R. 72 (Bankr. S.D.N.Y. 2008) ...............................................................10

Corbett v. MacDonald Moving Servs., Inc.,
    124 F.3d 82 (2d Cir. 1997) ..........................................................................9, 10

Cortez Byrd Chips, Inc. v. Bill Harbert Constr. Co.,
    529 U.S. 193 (2000) ..................................................................................12, 13

Dennis v. Rhode Island Hosp. Trust,
    744 F.2d 893 (1st Cir. 1984)...........................................................................10

Exchange Nat'l Bank of Chic. v. Touche Ross & Co.,
    544 F.2d 1126 (2d Cir. 1976) .........................................................................11

Federated Dep't Stores, Inc. v. Moitie,
    452 U.S. 394 (1981) .......................................................................................11

Gazes v. Delprete (In re Clinton St. Food Corp.),
    254 B.R. 523 (Bankr. S.D.N.Y. 2000) ...............................................................9

Hall v. Hodgkins,
    305 Fed. Appx. 224 (5th Cir. 2008) ..................................................................8

Hirsch v. Arthur Andersen & Co.,
    72 F.3d 1085 (2d Cir. 1995) .............................................................................8

HSBC Bank USA, Nat'l Ass'n v. Adelphia Commc'ns Corp.,
    Nos. 07-CV-553A(RJA), 07-CV-555A(RJA) ....................................................10

Kaspar Wire Works, Inc. v. Leco Eng'g & Mach., Inc.,
    575 F.2d 530 (5th Cir. 1987) ................................................................9

Kelley v. S. Bay Bank (In re Kelley),
    199 B.R. 698 (B.A.P. 9th Cir. 1996) ......................................................9

McCarthy v. Dun & Bradstreet Corp.,
    482 F.3d 184 (2d Cir. 2007) ...............................................................7

Norris v. Hearst Trust,
    500 F.3d 454 (5th Cir. 2007) ..............................................................8

Parklane Hosiery Co. v. Shore,
    439 U.S. 322 (1978) .........................................................................9

Rodi v. S. New England Sch. of Law,
    389 F.3d 5 (1st Cir. 2004) ..................................................................8

Smith v. Bayer Corp.,
    131 S. Ct. 2368 (2011) ....................................................................12

Sure-Snap Corp. v. State St. Bank & Trust Co.,
    948 F.2d 869 (2d Cir. 1991) ...........................................................8, 9

Teltronics Servs., Inc. v. L M Ericsson Telecommc'ns, Inc.,
    642 F.2d 31 (2d Cir. 1981) ...............................................................11

## STATUTES

28 U.S.C. § 1334(c)(1) ...............................................................................12

## OTHER AUTHORITIES

18 Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 4402
    (1981) ..........................................................................................9

RESTATEMENT (SECOND) OF JUDGMENTS, § 27 (1982) ..........................................10

Bankruptcy Rule 7004(b)(3) .......................................................................11

Bankruptcy Rule 7004(b)(9) ...................................................................11, 12

Fed. R. Evid. 201(b), (d) .............................................................................7

Local Bankr. R. 9078-1 ..............................................................................12

ny-1079262

Defendants GMAC Mortgage, LLC ("GMACM") and Executive Trustee Services, LLC ("ETS" and, together with GMACM, the "Debtor Defendants"), each a debtor and debtor in possession in the above-captioned chapter 11 cases (collectively with all affiliated debtors and debtors in possession, the "Debtors"), submit this motion (the "Motion") to dismiss the above-referenced adversary proceeding (the "Adversary Proceeding") commenced by *pro se* plaintiffs Brian Finell Kimber and Malinda Kimber ("Plaintiffs") for failure to state a claim upon which relief can be granted and insufficient service of process or, in the alternative, requesting that the Court exercise its discretion to abstain from exercising jurisdiction over the Adversary Proceeding.  In support hereof, the Debtor Defendants submit the Declaration of Erica J. Richards, dated March 6, 2013 (the "Richards Decl."), attached hereto as Exhibit 1, and respectfully represent:

## I.      PRELIMINARY STATEMENT

1.      The Plaintiffs' claims should be dismissed under principles of res judicata and collateral estoppel.  Indeed, the vast majority of the claims asserted in this action have already been litigated and dismissed by the Bankruptcy Court for the Western District of Texas.

2.      The Plaintiffs are joint debtors in a chapter 13 bankruptcy case currently pending before the United States Bankruptcy Court for the Western District of Texas (the "Texas Bankruptcy Court").  On November 20, 2012, the Plaintiffs filed an adversary complaint in their chapter 13 case (the "Texas Complaint"), against the same defendants named in the instant Complaint, and asserting identical claims and requests for relief.  Pursuant to an order entered on February 21, 2013, the Texas Bankruptcy Court dismissed the majority of the claims asserted in the Texas Complaint on the merits, and ordered the Plaintiffs to file an amended Texas Complaint as to the remaining counts on or before March 6, 2013, or such counts will also be

dismissed.  Thus, Plaintiffs are barred from asserting the same claims against the same

defendants before this Court under principles of res judicata and collateral estoppel.  Accordingly,

the Complaint should be dismissed pursuant to FRCP 12(b)(6) for failure to state a claim upon

which relief can be granted.  To the extent the Texas Bankruptcy Court's ruling with respect to

the remaining counts of the Texas Complaint are not yet final, the Debtors respectfully submit

that this Court nonetheless should abstain from exercising jurisdiction pursuant to 28 U.S.C.

§ 1334(c)(1) in the interest of comity and judicial efficiency.

## II.    JURISDICTION AND VENUE

3.    The Court has jurisdiction over this adversary proceeding pursuant to 28

U.S.C. §§ 157 (a) and 1334(b).  Venue is proper under 28 U.S.C. § 1409.  This is a non-core

proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and (b)(2).  Nonetheless, pursuant to Local

Bankruptcy Rule 7012-1, the Debtor Defendants consent to entry of a final order or judgment by

this Court if it is determined that the Court, absent consent of the parties, cannot enter final

orders or judgment consistent with Article III of the United States Constitution.

## III.    BACKGROUND

### A.    General Bankruptcy Case Background

4.    On May 14, 2012 (the "Petition Date"), each of the Debtors filed a

voluntary petition for relief under Chapter 11 of the Bankruptcy Code in this Court.  As of the

Petition Date, the Debtors and their non-debtor affiliates operated the fifth largest mortgage

servicing business in the United States.

5.    The Debtors are managing and operating their businesses as debtors in

possession pursuant to Bankruptcy Code sections 1107(a) and 1108.  Their chapter 11 cases

(collectively, the "Bankruptcy Case") are being jointly administered pursuant to Rule 1015(b) of

ny-1079262

the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  No trustee has been

appointed in the Bankruptcy Case.

6.        On May 16, 2012, the United States Trustee for the Southern District of

New York appointed a nine member official committee of unsecured creditors (the "Creditors'

Committee").

7.        On November 30, 2012, the Court entered an order approving the retention

of SilvermanAcampora LLP ("SilvermanAcampora") as special counsel to the Creditors'

Committee [Dkt. No. 2315].

**B.        Events Giving Rise to the Adversary Proceeding[1]**

**(i)        Origination and Foreclosure of Plaintiffs' Loan**

8.        Plaintiffs are borrowers under a mortgage loan (the "Loan") that was

originated by Amerigroup Mortgage Corporation ("Amerigroup") on May 2, 2009.  The Loan is

evidenced by a note in the amount of $175,950.00 (the "Note"), which is secured by real

property located at 6109 Bridgewood Drive, Kileen, Texas 76549 (the "Property") pursuant to a

deed of Trust (the "Deed of Trust") executed contemporaneously with the Note.  On or about

June 6, 2012, Amerigroup assigned the Deed of Trust to GMACM.

9.        As a result of Plaintiffs' continuing default under the Loan, GMACM

initiated a non-judicial foreclosure with respect to the Property.  On August 7, 2012, the Property

was sold at a foreclosure sale.

---

[1]        The facts described below are based upon counsel's investigation of the Plaintiffs' personal bankruptcy
proceedings.  If the Court desires, the Debtors will provide the Court with the loan documents and pleadings
filed in the Plaintiffs' personal bankruptcy cases.

ny-1079262

(ii)    **Plaintiffs' Bankruptcy Cases**

10.    On August 7, 2012, the same day as the foreclosure sale of the Property, Mr. Kimber filed a petition for chapter 13 protection in the Texas Bankruptcy Court, Case No. 12-11803 (HCM) (the "Plaintiff's First Bankruptcy Case").

11.    On September 10, 2012, the Texas Bankruptcy Court entered an order for summary dismissal of Plaintiff's First Bankruptcy Case for failure to timely file a plan and/or schedules.  Plaintiff's First Bankruptcy Case was closed on November 29, 2012.

12.    On October 8, 2012, Plaintiffs filed a joint petition for chapter 13 protection in the Texas Bankruptcy Court, Case No. 12-61074 (CAG) (the "Plaintiffs' Bankruptcy Case").

13.    On November 20, 2012, Plaintiffs filed the Texas Complaint in the Plaintiffs' Bankruptcy Case, thereby initiating an adversary proceeding, Case No. 12-ap-6040 (CAG) (the "Texas AP"), against:  GMACM; Amerigroup; Transcontinental Title Co.; Mortgage Electronic Registration Systems, Inc. ("MERS"); Susan Turner ("Turner"), ETS; Pite Duncan, LLP; Gabrial Ozel; Raye Mayhorn; Realty Executives of Killeen, Inc.; Sol Jessy Lockhart; and Alarcon Law Group P.C. (collectively, the "Defendants").  The Texas Complaint, which is identical to the instant action, asserts claims for: (a) violation of the automatic stay in Plaintiff's First Bankruptcy Case (Count I); (b) avoidance of defective deed of trust (Count II); (c) declaratory relief (Count III); and (d) turnover (Count IV).  See Texas Complaint, attached as Exhibit A to the Richards Decl.

14.    On December 17, 2012, Plaintiffs filed a *Motion For Rule to Show Cause Against Defendants GMAC Mortgage, Sol Jessy Lockhart and Realty Executives of Killeen, Inc. dba Realty Executives International and Pite Duncan, LLP For Violation of Automatic Stay*

4

*Provisions of Section 361 of Bankruptcy Code* (ECF # 14) (the "Show Cause Motion") in the Texas AP.

15.    On December 20, 2012, the Debtor Defendants filed a motion to dismiss the Texas AP (ECF # 16) (the "Texas MTD").

16.    On January 7, 2013, the Debtor Defendants filed a response to the Show Cause Motion (ECF # 24).

17.    At a hearing held on February 19, 2013, the Texas Bankruptcy Court denied Plaintiffs' Show Cause Motion and granted in part the Texas MTD.

18.    On February 21, 2013, the Texas Bankruptcy Court entered an Order Granting in Part and Denying in Part Motion to Dismiss (ECF # 41) (the "Texas Order"), pursuant to which the Texas Motion to Dismiss was granted with prejudice as to Counts II, III, and IV against GMACM, ETS, MERS, and Turner (collectively, the "GMACM Defendants"). Also pursuant to the Texas Order, the Texas Motion to Dismiss was granted with prejudice as to Count I against Defendants Turner and MERS, and denied without prejudice as to Count I against the Debtor Defendants.  See Texas Order, attached as Exhibit B to the Richards Decl.

19.    The Texas Bankruptcy Court has ordered Plaintiffs to file an amended Texas Complaint as to Count I against the Debtor Defendants on or before March 6, 2013.  The amended Texas Complaint must make specific factual allegations about the notice Plaintiffs gave the Debtor Defendants of Plaintiff's First Bankruptcy Case.  If Plaintiffs fail to comply with the Texas Bankruptcy Court's directions, the Texas Order provides that the Texas Bankruptcy Court may also dismiss Count I against the Debtor Defendants.

(iii)     **The Adversary Proceeding**

20.     On November 26, 2012, Plaintiffs filed the instant Complaint initiating the Adversary Proceeding.  A summons and notice of pretrial conference (the "<u>Summons</u>") was issued with respect to the Adversary Proceeding on November 29, 2012.

21.     As of the date hereof, no affidavit of service of the Complaint and Summons had been filed.  Also as of the date hereof, the Debtor Defendants have no record of being served by any other legally sufficient means, either directly upon an officer or through their registered agent.

22.     The Debtor Defendants learned of this Adversary Proceeding through MERS, which notified the Debtor Defendants of the Complaint on November 27, 2012.  The Debtor Defendants also learned of this case through its monitoring of the Bankruptcy Case docket.

23.     The Complaint is brought against the same defendants named in the Texas AP, and asserts identical claims and requests for relief as those made in the Texas Complaint.

24.     At the request of the Debtors, SilvermanAcampora contacted Plaintiffs to discuss the basis for the Adversary Proceeding, and whether Plaintiffs would consent to withdraw the Complaint in light of the apparent duplication of the causes of action already being asserted in the Texas AP.  Plaintiffs refused to withdraw the Complaint.

## IV.     ARGUMENT

A.     <u>The Adversary Proceeding Should Be Dismissed Pursuant to Bankruptcy Rule 7012(b) and FRCP 12(b)(5) and (6)</u>

25.     Bankruptcy Rule 7012 incorporates by reference Rule 12(b)-12(i) of the Federal Rules of Civil Procedure ("<u>FRCP</u>").  FRCP 12(b) provides that a party may assert specified defenses by motion, including lack of subject matter jurisdiction, insufficient service of

6

process, and failure to state a claim upon which relief can be granted, and that a motion asserting

any of these defenses may be made before pleading.  The Adversary Proceeding should also be

dismissed pursuant to Bankruptcy Rule 7012(b)(6) because Plaintiffs have failed to state a claim

upon which relief can be granted.   The Adversary Proceeding should be dismissed pursuant to

Bankruptcy Rule 7012(b) and FRCP 12(b)(5) because Plaintiffs failed to provide sufficient

service of process.

### (i)      Failure to State a Claim
#### (a)      Legal Standard

26.     Plaintiff's Complaint should also be dismissed on the ground that Plaintiff

has failed to plead sufficient facts to establish his claims against the Debtor Defendants.

27.     FRCP 12(b)(6) permits dismissal of an action for failure to state a claim

upon which relief can be granted.  For FRCP 12(b)(6) purposes, a court must accept the

plaintiff's factual allegations as true, drawing all reasonable inferences in the plaintiff's favor.

Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir. 1996).

28.     The Court's review on a motion to dismiss pursuant to FRCP 12(b)(6) is

generally limited to "the facts as asserted within the four corners of the complaint, the documents

attached to the complaint as exhibits, and any documents incorporated in the complaint by

reference."  McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007).  In addition,

the Court may also consider "matters of which judicial notice may be taken" and "documents

either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing

suit."  Brass v. Am. Film Techs., Inc., 987 F.2d 142, 150 (2d Cir. 1993).  See also, Fed. R. Evid.

201(b), (d) ("A judicially noticed fact must be one not subject to reasonable dispute in that it is

either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of

accurate and ready determination by resort to sources whose accuracy cannot reasonably be

questioned . . . [A] court shall take judicial notice if requested by a party and supplied with the

necessary information."); Norris v. Hearst Trust, 500 F.3d 454, 461 n.9 (5th Cir. 2007), ("[I]t is

clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record.");

Hirsch v. Arthur Andersen & Co., 72 F.3d 1085, 1088, 1092 (2d Cir. 1995) (noting that, in

connection with a motion to dismiss, a court may consider all papers appended as well as matters

of judicial notice).

### (b)    Plaintiff's Claims are Barred by Res Judicata and Judicial Estoppel

29.    Plaintiffs' claims have already been litigated and dismissed on the merits

by the Bankruptcy Court for the Western District of Texas.  Thus, Plaintiffs' claims are barred by

the doctrines of res judicata and collateral estoppel.  Sure-Snap Corp. v. State St. Bank & Trust

Co., 948 F.2d 869, 870 (2d Cir. 1991).

30.    If, based on the face of the complaint, incorporated documents, matters of

public record, and matters of which a court could take judicial notice, a successful affirmative

defense appears, then dismissal under FRCP 12(b)(6) is proper.  See, e.g., Hall v. Hodgkins, 305

Fed. Appx. 224, 228 (5th Cir. 2008), Banco Santander de Puerto Rico v. Lopez-Stubbe (In re

Colonial Mortg. Bankers Corp.), 324 F.3d 12, 16 (1st Cir. 2003).  See also Rodi v. S. New

England Sch. of Law, 389 F.3d 5, 12, 17-19 (1st Cir. 2004) ("[A] properly raised affirmative

defense can be adjudicated on a motion to dismiss so long as (i) the facts establishing the defense

are definitively ascertainable from the complaint and the other allowable sources of information,

and (ii) those facts suffice to establish the affirmative defense with certitude." (citation omitted)).

Thus, where claims and issues are precluded based on res judicata or judicial estoppel, they are

subject to dismissal under FRCP 12(b)(6).  See, e.g., Aegis Realty Corp. v. Langer (In re Aegis

8

Realty Corp.), 301 B.R. 116 (Bankr. S.D.N.Y. 2003) (dismissing claim on res judicata grounds

on a motion to dismiss by defendant); Gazes v. Delprete (In re Clinton St. Food Corp.), 254 B.R.

523 (Bankr. S.D.N.Y. 2000) (dismissing claim on res judicata and collateral estoppel grounds on

a motion to dismiss by defendants).

        31.     Under the doctrine of res judicata, litigants, such as Plaintiffs, are not

permitted more than "one bite of the apple."  Sure-Snap Corp. v. State St. Bank & Trust Co., 948

F.2d at 870.  Res judicata pertains to the preclusive effect of a prior adjudication, and is actually

composed of two doctrines.  The first is "claim preclusion," under which the effect of a judgment

extends to the litigation of all issues relevant to the same claim between the same parties,

whether or not raised at trial; the second is collateral estoppel or "issue preclusion," which bars

the re-litigation of issues actually adjudicated, and essential to the judgment, in a prior litigation

between the same parties.  18 Charles Alan Wright and Arthur R. Miller, Federal Practice and

Procedure § 4402 (1981) (citing Kaspar Wire Works, Inc. v. Leco Eng'g & Mach., Inc., 575 F.2d

530, 535- 36 (5th Cir. 1987)); see also Parklane Hosiery Co. v. Shore, 439 U.S. 322, 327 n.5

(1978).  Res judicata prevents a party from re-litigating a cause of action, thereby giving finality

to legal proceedings.  Kelley v. S. Bay Bank (In re Kelley), 199 B.R. 698, 702 (B.A.P. 9th Cir.

1996).

        32.     To determine whether the doctrine of claim preclusion bars plaintiffs' re-

litigation of their claims, bankruptcy courts in the Second Circuit "consider whether (1) the prior

decision was a final judgment on the merits, (2) the litigants were the same parties, (3) the prior

court was of competent jurisdiction, and (4) the causes of action were the same."  Corbett v.

MacDonald Moving Servs., Inc., 124 F.3d 82, 87–88 (2d Cir. 1997).  In addition, "[i]n the

bankruptcy context, the Court must also determine 'whether an independent judgment in a

9

separate proceeding would impair or destroy rights or interests established by the judgment

entered in the first action.'" HSBC Bank USA, Nat'l Ass'n v. Adelphia Commc'ns Corp., Nos.

07-CV-553A(RJA), 07-CV-555A(RJA), 07-CV-554A(RJA), 2009 WL 385474, at *11

(W.D.N.Y. Feb. 12, 2009) (citing Corbett, 124 F.3d at 89).

33.    On the other hand, "the principle of collateral estoppel, or issue preclusion,

bars re-litigation of any factual or legal issue that was actually decided in previous litigation

between the parties, whether on the same or a different claim." Dennis v. Rhode Island Hosp.

Trust, 744 F.2d 893, 898 (1st Cir. 1984) (quoting RESTATEMENT (SECOND) OF JUDGMENTS, § 27

(1982)).  As with claim preclusion, "[t]he underlying principle of issue preclusion is that one

who has actually litigated an issue should not be allowed to relitigate it." Chase v. Chase (In re

Chase), 392 B.R. 72, 81 (Bankr. S.D.N.Y. 2008).  (citation and internal quotation marks omitted).

The essential elements of issue preclusion are:  (1) the issue sought to be precluded must be the

same as that involved in the prior action; (2) the issue must have been actually litigated; (3) the

issue must have been determined by a valid and binding final judgment; and (4) the

determination of the issue must have been essential to the judgment.  Id.

34.    Here, all the elements of claim preclusion and issue preclusion are

satisfied with respect to the Debtor Defendants, thus barring Plaintiffs' prosecution of the

Adversary Proceeding against the Debtor Defendants.  Plaintiffs and the Debtor Defendants were

all parties to the Texas AP, over which the Texas Bankruptcy Court had proper jurisdiction.

Plaintiffs asserted identical claims against the same parties in the Texas AP and, pursuant to

FRCP 12(b)(6), the Texas Bankruptcy Court dismissed all but one of those claims against

GMAC and ETS for failure to state a claim, and directed that Plaintiffs amend the Texas

Complaint or risk dismissal of that count as well.  That dismissal became final upon expiration of

10

the 14-day time to file a notice of appeal of the Texas Bankruptcy Court's final order entered on

February 21, 2013.  Thus, the Texas Bankruptcy Court's ruling is a final decision on the merits.

See, e.g., Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 399 n.3 (1981) (stating that

dismissal under FRCP 12(b)(6) is a "judgment on merits"); Teltronics Servs., Inc. v. L M

Ericsson Telecommc'ns, Inc., 642 F.2d 31, 34 (2d Cir. 1981), ("Judgments under Rule 12(b)(6)

are on the merits, with res judicata effects . . . ." (quoting Exchange Nat'l Bank of Chic. v.

Touche Ross & Co., 544 F.2d 1126, 1130-31 (2d Cir. 1976))).  Additionally, the determination

of whether Plaintiffs stated a claim for relief was essential to the judgment on the Texas MTD.

Accordingly, each of the claims sought to be pursued by Plaintiff in the Adversary Proceeding is

barred under principles of res judicata and/or judicial estoppel, thus warranting dismissal.

      35.    For the reasons set forth above, the Adversary Proceeding should be

dismissed in its entirety for failure to state a claim upon which relief can be granted pursuant to

Bankruptcy Rule 7012(b) and FRCP 12(b)(6).

      **(ii)    Insufficient Service of Process**

      36.    Bankruptcy Rule 7004 incorporates by reference FRCP 4(c)(1), 4(h) and

4(l).  FRCP 4(c)(1) in turn provides that the plaintiff is responsible for having the summons and

complaint served within the time allowed, and FRCP 4(h) requires that a corporation must be

served in the manner prescribed by FRCP 4(e)(1) for serving an individual, or by delivering a

copy of the summons and complaint to an authorized agent and by mailing a copy of each to the

defendant.  In addition, under Bankruptcy Rule 7004(b)(3), service may also be effectuated by

mailing a copy of the summons and complaint to "an officer, a managing or general agent, or to

any other agent authorized by appointment or by law to receive service of process . . . ."  Fed. R.

Bankr. P. 7004(b)(3).  Bankruptcy Rule 7004(b)(9) also authorizes service upon a debtor by

mailing a copy of the summons and complaint to the address shown in the bankruptcy petition.

Fed. R. Bankr. P. 7004(b)(9).  Bankruptcy Rule 7004(e) further requires that service of the summons and complaint be delivered or deposited in the mail within 14 days after the summons is issued, and FRCP 4(l) requires that proof of service must be made to the court by the server's affidavit.  Rule 9078-1 of the Local Bankruptcy Rules provides that, unless the Court orders otherwise, "any party serving a pleading or other document shall file proof of service by the earlier of (i) three days following the date of service, and (ii) the hearing date."  Local Bankr. R. 9078-1.

37.    Upon information and belief, the Debtor Defendants have not been served with the Complaint and Summons by any means prescribed by Bankruptcy Rule 7004.  Accordingly, the Debtor Defendants request that the Adversary Proceeding be dismissed for insufficient service of process pursuant to Bankruptcy Rule 7012(b) and FRCP 12(b)(5).

**B.**    **The Court Should Abstain from Exercising Jurisdiction Over the Adversary Proceeding**

38.    To the extent the Court determines that principles of res judicata and collateral estoppel do not apply to the first Count of the Complaint, the Court nonetheless should abstain from exercising jurisdiction pursuant to 28 U.S.C. § 1334(c)(1).  Notwithstanding the presence of "related to" jurisdiction, a district court may abstain from exercising that jurisdiction on "any equitable ground," including "the interest of justice, or in the interest of comity with State courts or respect for State law. . . ."  28 U.S.C. § 1334(c)(1).

39.    Although the statute refers to comity with State courts, these factors apply with equal force where, as here, there are parallel proceedings pending in two federal courts.  See, e.g., Smith v. Bayer Corp., 131 S. Ct. 2368, 2382 (2011) ("[W]e would expect federal courts to apply principles of comity to each other's class certification decisions when addressing a common dispute."); Cortez Byrd Chips, Inc. v. Bill Harbert Constr. Co., 529 U.S. 193, 198,

12

(2000) (observing that, where parallel proceedings were pending before U.S. District Courts in Alabama and Mississippi, "under principles of deference to the court of first filing, the Alabama court should have considered staying its hand").

40.     Here, an identical proceeding is already underway before the Texas Bankruptcy Court, and has been in large part disposed of on the merits.  It would be an inefficient use of judicial resources for this Court to exercise its concurrent jurisdiction to rule on the merits of Plaintiffs' claims.  Moreover, there is no risk of prejudice to Plaintiffs arising as a result of this Court's abstention, as the Texas AP involves identical allegations against the same parties, and is being heard in a venue that is more convenient for the Plaintiffs.  To the contrary, the continuation of parallel proceeding poses the threat of inconsistent rulings on the same issue by two courts of equal standing.  Such an outcome would limit the finality of both decisions, thereby giving rise to further judicial inefficiencies and causing inherent prejudice to all parties involved.  As such, the Debtor Defendants respectfully request that the Court decline to exercise jurisdiction in favor of the Texas Bankruptcy Court and dismiss the Adversary Proceeding.

13

## V.    CONCLUSION

Accordingly, for the reasons set forth herein, the Debtor Defendants respectfully request that the Court dismiss the Adversary Proceeding with prejudice and grant such other and further relief as it deems just and proper.

Dated:  March 6, 2013
New York, New York

/s/ Norman S. Rosenbaum
Norman S. Rosenbaum
Stefan W. Engelhardt
Paul Galante
Erica J. Richards
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the Debtors and
Debtors in Possession*

**EXHIBIT 1**

ny-1079262

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Norman S. Rosenbaum
Stefan W. Engelhardt
Paul Galante
Erica J. Richards

*Counsel for the Debtors and*
*Debtors in Possession*

## UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x
                                                           :
Brian Finell Kimber and Malinda Kimber,                    :
                                                           :        Adv. Proc. 12-02045 (MG)
                        Plaintiffs,                         :
                                                           :
                                                           :
                 *v.*                                      :
                                                           :
GMAC Mortgage LLC; Amerigroup                              :
Mortgage Corporation; Transcontinental                     :
Title Co.; Mortgage Electronic Registration                :
Systems, Inc.; Susan Turner; Ahn P. Nguyen;                :
Executive Trustee Service LLC; Pite Duncan,                :
LLP; Gabrial Ozel; Raye Mayhorn; Realty                    :
Executives of Killen, Inc.; Sol Jessy Lockhart;            :
and Alarcon Law Group P.C.                                 :
                                                           :
                        Defendants.                        :
-----------------------------------------------------------x
In re                                                      :
                                                           :        Case No. 12-12020 (MG)
RESIDENTIAL CAPITAL, LLC, *et al.*,                        :
                                                           :        Chapter 11
                                                           :
                        Debtors                            :        Jointly Administered
-----------------------------------------------------------x

### DECLARATION OF ERICA J. RICHARDS IN SUPPORT OF DEBTORS' MOTION FOR DISMISSAL OF ADVERSARY PROCEEDING PURSUANT TO BANKRUPTCY RULE 7012(b) AND FRCP 12(b)(5), AND (6) OR, IN THE ALTERNATIVE, PERMISSIVE ABSTENTION PURSUANT TO 28 U.S.C. §1334(c)(1)

I, Erica J. Richards, declare as follows:

1.      I am an attorney at the law firm of Morrison & Foerster LLP, which serves as bankruptcy counsel to Residential Capital, LLC, and the other debtors and debtors in possession in the above-captioned Chapter 11 cases (collectively, the "Debtors").

2.      I am authorized to submit this declaration (the "Declaration") in support of the *Debtors' Motion For Dismissal Of Adversary Proceeding Pursuant To Bankruptcy Rule 7012(b) And FRCP 12(b)(5) and (6) Or, In The Alternative, Permissive Abstention Pursuant To 28 U.S.C. §1334(c)(1)*, dated November 12, 2012 (the "Motion").[2]

3.      The information contained in this affidavit is based upon m pleadings filed in the Texas AP and the Adversary Proceeding.  If I were called to testify as a witness in this matter, I would testify competently to the facts set forth herein.

4.      Attached as **Exhibit A** hereto is a true and correct copy of the *Adversary Complaint To (A) Avoid Lien, (B) Violation Of The Automatic Stay, (c) Conspirary [sic] To Violate The Automatic Stay, (D) For Declaratory Judgment And (C) For Turnover*, which was filed in the Texas AP on November 20, 2012.

5.      Attached as **Exhibit B** hereto is a true and correct copy of the *Order Granting In Part And Denying In Part Motion To Dismiss*, which was entered in the Texas AP on February 21, 2013.

---

[2]  Capitalized terms used herein and not otherwise defined shall have the meaning ascribed to them in the Motion.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  March 6, 2013

 /s/ Erica J. Richards
Erica J. Richards

*Counsel for the Debtors and*
*Debtors-in-Possession*

**EXHIBIT A**

FILED

NOV 20 2012

U.S. BANKRUPTCY COURT

BY_____ DEPUTY

UNITED STATES BANKRUPTCY COURT

WESTERN DISTRICT OF TEXAS (WACO)

| | |
|---|---|
| In ref: BRIAN KIMBER & MALINDA KIMBER, | ADV COMPLAINT NO: |
| Debtor | Case No.: 12-6107 cag |
| BRIAN KIMBER & MALINDA KIMBER | |
| Plaintiffs | |
| vs. | JURY TRIAL DEMANDED |
| GMAC MORTGAGE INC, dba GMAC MORTGAGE LLC | |
| AND | |
| AMERIGROUP MORTGAGE CORPORATION A DIVISION OF MORTGAGE INVESTOR CORPORATION 6090 CENTRAL AVENUE ST. PETERSBURG, FLORIDA 33707 | |
| AND | |
| TRANSCONTINENTAL TITLE CO. 2605 ENTERPRISE ROAD STE #200 CLEARWARTER, FL 33759 | |
| AND | |
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC P.O. BOX 2026, FLINT, MI 48501-2026 | |
| AND | |
| SUSAN TURNER, ASSISTANT SECRETARY (MERS) | |

Adv. 12-6040

ADVERSARY COMPLAINT TO (A) AVOID LIEN,
(B) FOR DECLARATORY JUDGMENT AND (C) FOR TURNOVER - 1

```
 1   AND                                        )
 2   ANH P. NGUYEN                              )
 3   5050 WESTCOTT, SUITE 560                   )
 4   HOUSTON, TEXAS 77007                       )
 5   AND                                        )
 6   EXECUTIVE TRUSTEE SERVICE LLC              )
 7   2255 NORTH ONTARIO ST, S-400               )
 8   BURBANK, CA 91504-3120                     )
 9   AND                                        )
10   PITE DUNCAN, LLP                           )
11   4375 JUTLAND DRIVE, SUITE 200              )
12   P.O. BOX 17935                             )
13   SAN DIEGO, CA 92177-0935                   )
14   AND                                        )
15   GABRIEL OZEL                               )
16   4375 JUTLAND DRIVE, SUITE 200              )
17   P.O. BOX 17935                             )
18   SAN DIEGO, CA 92177                        )
19   AND                                        )
20   RAYE MAYHORN,                              )
21   104 MAJESTIC VIEW CT                       )
22   HARKER HEIGHTS, TX 76548                   )
23   AND                                        )
24   REALTY EXECUTIVES OF KILLEEN,              )
25   INC dba REALTY EXECUTIVES                  )
26   INTERNATIONAL                              )
27   2710 SO. FORT HOOD ST                      )
28   KILLEEN, TX 76542                          )
```

ADVERSARY COMPLAINT TO (A) AVOID LIEN,

(B) FOR DECLARATORY JUDGMENT AND (C) FOR TURNOVER - 2

1 | AND )
2 | SOL JESSY LOCKHART )
3 | 2710 SO. FORT HOOD ST. )
4 | KILLEEN, TX 76542 )
5 | AND )
6 | ALARCON LAW GROUP P.C. DBA; )
7 | NATIONAL LEGAL ASSOCIATES LAW )
8 | FIRM, DBA; R.M.A. LEGAL NETWORK )
9 | DBA; MCA LEGAL GROUP OF )
10 | AMERICA, 4250 VETS MEMORIAL )
11 | HIGHWAY SUITE 228E WEST )
12 | HOLBROOK, NY 11741 )
13 | _____ Defendant

15 | ### ADVERSARY COMPLAINT TO (A) AVOID LIEN,
16 | ### (B) VIOLATION OF THE AUTOMATIC STAY (C) CONSIPIRARY TO VIOLATE
17 | ### THE AUTOMATIC STAY (D) FOR DECLARATORY JUDGMENT AND
18 | ### (E) FOR TURNOVER

20 | BRIAN FINELL KIMBER AND MALINDA KIMBER (the "Plaintiff"),
21 | Chapter 13 Debtors/Creditor for the bankruptcy estate of GMAC
22 | MORTGAGE LLC and Brian & Malinda Kimber (the "Debtors"), who
23 | files this complaint to address the deception and fraudulent
24 | conveyance of the beneficial interest by using a fraudulent
25 | Assignment, in Plaintiff's Real Property. Defendants have
26 | committed fraud and violated the automatic stay provisions of 11
27 | U.S.C. 362(h);

28

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.

2. This matter is a core proceeding under 28 U.S.C. § 157(b) and Rule 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

3. The legal predicates for the relief sought herein are based upon Section 544 of the United States Bankruptcy Code (the "Bankruptcy Code").

4. This is the proper forum in which to maintain this proceeding pursuant to 28 U.S.C. § 1409.

**PARTIES**

5. The Plaintiff is the Chapter 13 Debtor/Creditor (the "Debtor/Creditor") for the bankruptcy estate of the BRIAN FINELL KIMBER AND MALINDA KIMBER. Plaintiff loan is a Department of Veterans Affairs approved loan.

6. Plaintiff filed a previous bankruptcy case for relief on August 07, 2012 under Chapter 13 of the Bankruptcy Code, case number 12-11803-hcm.

7. The Defendant Amerigroup Mortgage Corporation, asserted to be a division of Defendant Mortgage Investors Corporation (collectively, "Amerigroup") is (or was) a corporation(s) that was organized under the laws of the State of Ohio and appears to be the original holder of a promissory note, related to the Deed of Trust described herein, a copy of which is attached as Exhibit A (DEED OF TRUST).

8. Defendant Transcontinental Title Co.is the original trustee
   under the Deed of Trust (as defined below) and is named as a
   Defendant only in that capacity.

9. Defendant Mortgage Electronic Registration System, Inc,. a
   Delaware Corporation "(MERS") IS sued in its capacity as a
   nominee for the original lender and lender's successors and
   assigns.  Pursuant to the Deed of Trust, MERS is identified
   as "the Mortgagee" or beneficial party solely to facilitate
   the transfer of an interest from the original lender to
   successors and assigns.  Pursuant to the language of the Deed
   of Trust, the beneficiary is identified as MERS solely as
   nominee for lender and lender's successors and assigns and
   the successors and assigns of MERS.

10. Defendant R.M.A. Legal Network stated that they would get
    my wife and I a modification through the Hamp Program.  We
    had to make four payments for $967.00 ($3868.00).  See
    Exhibit "B" (Alarcon Law Group, PC Release Agreement). After
    the money was paid we were told to contact the New York
    Office.  When we called to get a status they kept passing us
    around.  Finally we received a paper in the mail from R.M.A.
    Legal Network telling us that they were going to send us our
    money back and they never did.  They promised us a loan
    modification and we paid them and did not receive anything,
    we were scammed by this company.

11. Defendant/Debtor GMAC Mortgage Corporation is party to the
    creation of a negotiation trail of all Defendants' negotiable
    instruments in a way to create an appearance of propriety
    under the Uniform Commercial Code.

12. Defendant Susan Turner, Assistant Secretary Mortgage
Electronic Registration Systems, Inc., is party to the
creation of a negotiation trail of all Defendants' negotiable
instruments in a way to create an appearance of propriety
under the Uniform Commercial Code.  Defendant Turner
purportedly signed Plaintiff's Assignment giving GMAC
Mortgage a secured interest in Plaintiff property.  Defendant
Turner purportedly signed thousands of mortgage-related
documents on behalf of several different banks and in
multiple handwritings.  See Exhibit "C" (Assignment dated
June 6, 2012) allegedly signed by Susan Turner.

13. The Plaintiff's has reviewed the documents (Assignments)
signed by Susan Turner and has concerns about the integrity
of that Assignment and the process utilized by MERS/GMAC in
filing the Assignment.

14. Subsequently, MERS filed the Assignment, Susan Turner, the
individual who signed the Assignment on behalf of MERS does
not appear to be a MERS employee.  It is not apparent what
steps Susan Turner took in order to pass a fraudulent
Assignment.

15. Based on this fraudulent Assignment and inconsistencies,
the Plaintiff should be given the opportunity to question
Susan Turner about the methods she used and what documents
were signed by her.

16. Defendant's REALTY EXECUTIVES OF KILLEEN, Sol Jessy
Lockhart, and Raye Mayhorn, was told that Plaintiff was in
Chapter 13 Bankruptcy Protection on August 10, 2012.
Defendants continue to demand that Plaintiff move out of

1  their home, and continued to place notices and Real Estate

2  signs on Plaintiff Property without proper authority to do

3  so.  These Defendants were in direct violation of the

4  automatic stay.  See Exhibit "D" (Notice from Sol Lockhart).

5  17. On and prior to the Petition Date, the Debtors owned

6  certain property and improvements known as 6109 Bridgewood

7  Drive Killeen, TX 76549 (the "Real Property") with a market

8  value appraised by the Texas Department of Assessments and

9  Taxation (for property tax purposes) at approximately

10  $197,267.  A copy of the assessment information on the real

11  Property is attached as Exhibit E (Property Assessment 2011).

12  18. At all times immediately subsequent to the filing of the

13  Petition herein, the property of the bankruptcy estate

14  included the Debtors' right, title and interest in and to the

15  Real Property with such Real Property and/or the value and

16  proceeds thereof continuing to be property of the bankruptcy

17  estate.

### COUNT ONE

### VIOLATIONS OF THE AUTOMATIC STAY

20  19. Violation of the Automatic Stay, under case number 12-

21  11803-hcm.

22  20. Plaintiff filed his Chapter 13 bankruptcy case on August

23  07, 2012.

24  21. The foregoing paragraphs are incorporated herein by

25  reference.

26  22. Defendants conduct violated 11 U.S.C. 362(a).

27  23. Defendant scheduled a sale of the Property for Tuesday,

28  August 07, 2012 at 10:00 A.M.

ADVERSARY COMPLAINT TO (A) AVOID LIEN,

(B) FOR DECLARATORY JUDGMENT AND (C) FOR TURNOVER - 7

24. Defendant knew of the bankruptcy case no later than August 07, 2012 at 8:30 A.M.

25. After learning about the bankruptcy case, Defendant did not immediately take any action to stop the foreclosure sale process. See Exhibit "F".

26. On or about August 15, 2012, Plaintiff's received a notice from Sol Lockhart, stating that their property was now owned by the Department of Veterans Affairs via foreclosure sale on August 07, 2012.

27. Sol Lockhart and her agents continued to threaten Plaintiff with eviction. They left notice after notices on Plaintiff's home and in Plaintiff's mail box demanding that he get out of his home. See Exhibit "D" (Notice From Sol Lockhart).

28. Plaintiff has suffered actual damages as a result of the aforementioned activities. Plaintiff's damages include emotional distress, out-of-pocket expenses.

29. Plaintiff's emotional distress damages include, but are not limited to, the fear that his financial situation may cause them to lose their house. These worries and concerns were separate from the anxiety he felt about filing for bankruptcy. Their reactions and emotions were not fleeting or inconsequential, especially in light of the fact that Defendant and it's agents repeatedly failed to correct its error. The circumstances surrounding the violations make it obvious that a reasonable person would suffer significant emotional harm.

WHEREFORE, Plaintiff requests an order finding the
Defendant to be in civil contempt by violating the automatic
stay, and awarding Plaintiff actual damages, including costs
and punitive damages pursuant to 11 U.S.C. 362(k) and for
contempt of court.

## COUNT TWO

### (AVOIDANCE OF DEFECTIVE DEED OF TRUST)

30. Prior to the commencement of the bankruptcy case, the
Debtors on or about May 02, 2009 executed and delivered to
Amerigroup a deed of trust (the "Deed of Trust") upon the
Real Property to secure  a promissory note believed to be in
the original principal amount of $175,000 (the "Note").

31. The Deed of Trust was recorded among the Land Records of
Bell County, Belton Texas on or about June, 2009 in Lot 98,
Block 3, of Bridgewood addition phase II, an addition to the
City of Killeen, Bell County Texas, according to the plat
thereof recorded in Cabinet D, Slide 105A, 106B & 106C of the
Plate records, Bell County, Texas.

32. Amerigroup is asserted to be the original holder of the
Note related to the Deed of Trust described herein.

33. First Title & Escrow, Inc. is the original Trustee of the
Deed of Trust.

34. The Deed of Trust for which Amerigroup is the beneficiary
is defective and invalid as to the Plaintiff pursuant to Real
Property Sec. § 12.0011 (Instruments Concerning Property:
*Original Signature* Required for certain Instruments. In that
the Deed of Trust fails to contain the requisite Affidavit of
Consideration and Affidavit of Disbursement. Furthermore

1    Susan Turner signature is fraudulent and therefore making the

2    Assignment enforceable.

3  35. Pursuant to the provisions of Section 544(a)(1) of the

4    Bankruptcy Code, the Plaintiff, as Debtor, holds the status

5    of a judgment lien creditor.

6  36.  Further, pursuant to Section 544(a)(3) of the Bankruptcy

7    Code, the Plaintiff, as  Debtor, holds the status of a bona

8    fide purchaser of property of the bankruptcy estate and takes

9    such property without knowledge  and holds the power to avoid

10    the lien of the Deed of Trust  against the Real Property.

11  37. The Defendants failed to perfect the recordation of the

12    Deed of Trust pursuant to Title 3 Chapter 12 Recording of

13    Instruments resulting from the absence of a legally

14    sufficient acknowledgement and affidavit.  As such, the Deed

15    of Trust upon the Real Property is void and invalid as to the

16    Plaintiff pursuant to Section 544 of the Bankruptcy Code.

17

18    WHEREFORE, the Plaintiff seeks the relief  as set forth at

19  the  conclusion of this Adversary Proceeding Complaint.

20

21              COUNT THREE

22            (DECLARATORY RELIEF)

23  38. The Debtor incorporates by reference all of the allegations

24    contained in Paragraphs 1 through 37 as fully set forth

25    herein.

26  39.  The defective Deed of Trust is voidable by the Plaintiff

27    in the exercise of the powers  granted to the Plaintiff, as

28

1  Debtor/Creditor, pursuant to Section 544 of the Bankruptcy

2  Code.

3  40. Accordingly, the Plaintiff seeks a declaration that the

4  Deed of Trust, Assignment and the asserted lien and security

5  interests of Defendants in and to the Real Property and/or

6  the proceeds thereof  be declared void as to the Plaintiff

7  and the bankruptcy estate (or alternatively subordinate to

8  the interest of the Plaintiff and the bankruptcy estate).

9  41. The Plaintiff also seeks a declaration that the interests

10  of the Plaintiff and the bankruptcy estate in and to the Real

11  Property  and the proceeds thereof are superior to the

12  unperfected interest of Defendants.

13

14  WHEREFORE, the Plaintiff seeks the relief as set forth at

15  the conclusion of this Adversary Proceeding Complaint.

16

17

18  **COUNT FOUR**

19  **(TURNOVER)**

20  22.  The Plaintiff incorporates by reference all of the

21  allegations contained in Paragraphs 1 through 41 as fully set

22  forth herein.

23  23.  By reason of the foregoing, the security interest, and

24  lien of the Defendants and the Deed of Trust in and to the Real

25  Property and/or the proceeds thereof are void as against the

26  Plaintiff.  Further, the Deed of Trust is void as to the

27  Plaintiff, as Trustee, pursuant to Section 544 of the Bankruptcy

28  Code.

ADVERSARY COMPLAINT TO (A) AVOID LIEN,

(B) FOR DECLARATORY JUDGMENT AND (C) FOR TURNOVER - 11

24. Accordingly, the bankruptcy estate's interest in the property as of the Petition Date has a value to the full extent of the market value.

25. Consequently, the bankruptcy estate has equity in the Real Property of not less than market value which the Plaintiff may use, sell, lease or otherwise dispose of in accordance with the provisions of the Bankruptcy Code.

**WHEREFORE**, the Plaintiff respectfully requests this Court make such findings and enter such judgments as are appropriate, including, without limitation, alternatively or cumulatively, the following:

A. A determination that the Defendants do not have a perfected security interest in the Real Property.

B. A determination that the claims of the Defendants as a result of and/or arising from the Real Property are unsecured claims.

C. An avoidance of the recordation of the Deed of Trust and the lien granted for the Deed of Trust in and against the Real Property pursuant to Section 544 of the Bankruptcy Code.

D. Judgment in favor of the Plaintiff and against the Defendants.

E. An order that the Defendants immediately release the Deed of Trust.

F. Judgment in favor of the Plaintiff and against the Defendants in the amount of the damages incurred by the Plaintiff, including the market value of the property, costs and attorneys' fees.

1   G.  The grant of such other and further relief as is just and
2   appropriate.
3
4   _Brian Finell Kimber_
5   /s/   Brian Finell Kimber
6
7   /s/   _Malinda D. Kimber_
    Malinda D. Kimber
8   6109 Bridgewood Drive
    Killeen, Texas 76549
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT B**

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: February 21, 2013.**

_Craig A. Gargotta_

_____

**CRAIG A. GARGOTTA**
**UNITED STATES BANKRUPTCY JUDGE**

---

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### WACO DIVISION

| | | |
|---|---|---|
| **BRIAN KIMBER** | ) | |
| **AND MALINDA KIMBER,** | ) | |
| | ) | **ADVERSARY PROCEEDING** |
| **PLAINTIFFS,** | ) | **NO. 12-6040** |
| | ) | |
| **VS.** | ) | **CASE NO. 12-61074** |
| | ) | |
| **GMAC MORTGAGE, INC., d/b/a GMAC** | ) | |
| **MORTGAGE, LLC, ET AL.,** | ) | |
| | ) | |
| **DEFENDANTS.** | ) | |

### ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS

This matter came before the Court on the _Motion To Dismiss Pursuant To Federal Rule Of Civil Procedure 12(b)(6)_ [Docket No. 16] (the "Motion to Dismiss") filed by defendants GMAC Mortgage, LLC, f/k/a GMAC Mortgage, Inc. ("GMACM"), Executive Trustee Services, LLC ("ETS"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and Susan Turner ("Turner" and with GMACM, ETS, and MERS collectively, the "GMACM Defendants").

The Court, having considered the arguments of the GMACM Defendants in the Motion to Dismiss and the arguments of the GMACM Defendants and plaintiffs Brian and Melinda Kimber

(collectively, the "<u>Plaintiffs</u>") at the hearing before the Court on February 19, 2012, and for good cause shown, hereby **ORDERS** that:

1.      The Motion to Dismiss is GRANTED with prejudice as to Counts II, III, and IV against all GMACM Defendants.

2.      The Motion to Dismiss is GRANTED with prejudice as to Count I against Defendants Turner and MERS.

3.      The Motion to Dismiss is DENIED without prejudice as to Count I against Defendants GMACM and ETS.

4.      Plaintiffs are ORDERED to file an amended complaint as to Count I against GMACM and ETS on or before March 6, 2013.  The amended complaint must make specific factual allegations about the notice they gave GMACM and ETS of the Chapter 13 bankruptcy case they filed in the United States Bankruptcy Court for the Western District of Texas, Austin Division on August 7, 2012 (Case No. 12-11803).  If Plaintiffs do not file an amended complaint on or before March 6, 2013, or if Plaintiffs do file an amended complaint on or before March 6, 2013 but the amended Complaint does not make the specific factual allegations stated above, this Court may dismiss Count I against Defendants GMACM and ETS.

### ###END OF ORDER###

**Prepared and Submitted By:**

/s/ Glenn E. Glover
Glenn E. Glover
**Bradley Arant Boult Cummings LLP**
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
gglover@babc.com