**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>RESIDENTIAL CAPITAL, LLC, *et al.*,<br><br>Debtors. | **FOR PUBLICATION**<br><br>Case No. 12-12020 (MG)<br>Jointly Administered |
| Brian F. Kimber and<br>Malinda D. Kimber,<br><br>Plaintiffs,<br><br>*v.*<br><br>GMAC Mortgage, LLC, et al.,<br><br>Defendants. | Adv. Proc. 12-02045 (MG) |

**MEMORANDUM OPINION AND ORDER DISMISSING THE ADVERSARY
PROCEEDING PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

*A P P E A R A N C E S:*

BRIAN F. KIMBER
MALINDA D. KIMBER
*Pro Se*
6109 Bridgewood Drive
Killeen, Texas  75649

MORRISON & FOERSTER LLP
*Counsel for the Debtors*
1290 Avenue of the Americas
New York, New York  10104
By:    Norman S. Rosenbaum, Esq.
         Stefan W. Engelhardt, Esq.
         Paul Galante, Esq.
         Erica J. Richards, Esq.

1

BRADLEY ARANT BOULT CUMMINGS LLP
*Counsel for Defendants Susan Turner and Mortgage Electronic Registration Systems, Inc.*
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama  35203
By:    Glenn. E. Glover, Esq.
       James P. Watkins, Esq.

**MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE:**

Pending before the Court in this adversary proceeding are two motions: the *Motion To Dismiss Adversary Proceeding Pursuant to Bankruptcy Rule 7012(b)(6) by Defendants Susan Turner and Mortgage Electronic Registration Systems, Inc.*, ("Non-Debtors' Motion," ECF Doc. # 12) and *Debtors' Motion for Dismissal of Adversary Proceeding Pursuant to Bankruptcy Rule 7012(b)(6) and FRCP 12(b)(5), and (6) or, in the Alternative, Permissive Abstention Pursuant to 28 U.S.C. § 1334(c)(1)* ("Debtors' Motion," ECF Doc. # 13, and together with the Non-Debtors' Motion, the "Motions").

GMAC Mortgage, LLC ("GMACM") and Executive Trustee Services, LLC ("ETS," and together with GMACM, the "Debtor Defendants"), each a debtor and debtor in possession in the above-captioned chapter 11 cases (collectively with all affiliated debtors and debtors in possession, the "Debtors"), and Defendants Susan Turner ("Turner") and Mortgage Electronic Registration Systems, Inc. ("MERS," and together with Turner, the "Non-Debtor Defendants") seek dismissal of the Adversary Complaint. In support of the Debtors' Motion, the Debtor Defendants submit the Declaration of Erica Richards, dated March 6, 2013 (the "Richards Decl.," ECF Doc. # 13, Ex. 1). The Court held a hearing in consideration of the Motions on March 21, 2013.

For the following reasons, the Court **GRANTS** the Motions and orders that Judgment be entered in favor of Defendants dismissing the Complaint with prejudice.

### I.    BACKGROUND

#### A.    The Foreclosure Proceeding

On May 2, 2009, Amerigroup Mortgage Corporation ("Amerigroup") originated Plaintiffs' mortgage loan in the amount of $175,950.00. The loan is evidenced by a promissory note (the "Note") secured by real property located at 6109 Bridgewood Drive, Killeen, Texas 76549 (the "Property") pursuant to a deed of trust (the "Deed of Trust") executed contemporaneously with the Note. On or about June 6, 2012, Amerigroup assigned the Deed of Trust to GMACM. Plaintiffs defaulted on the Note and, after GMACM initiated a non-judicial foreclosure proceeding, the Property was sold at a foreclosure sale on August 7, 2012.

#### B.    The Plaintiffs' Bankruptcy Cases

On August 7, 2012, the same day as the foreclosure sale, Mr. Kimber filed a chapter 13 petition in the Texas Bankruptcy Court for the Western District of Texas (the "Texas Bankruptcy Court," Case No. 12-11803). On September 10, 2012, the Texas Bankruptcy Court entered an order for summary dismissal of the case for failure to timely file a plan and/or schedules. The Case was closed on November 29, 2012.

On October 8, 2012, Plaintiffs filed a joint petition chapter 13 petition, again in the Texas Bankruptcy Court (Case No. 12-61074 (CAG)). On November 20, 2012, Plaintiffs initiated an adversary proceeding in the Texas Bankruptcy Court (the "Texas AP," Adv. Proc. No. 12-6040 (CAG)) against the following defendants: GMACM; Amerigroup; Transcontinental Title Co.; MERS; Turner; Anh P. Nguyen; ETS; Pite Duncan, LLP; Gabrial Ozel; Raye Mayhorn; Realty Executives of Killeen, Inc.; Sol Jessy Lockhart; and Alarcon Law Group P.C. (collectively, the

3

"Texas AP Defendants"). The Texas AP complaint asserts claims for: (a) violation of the automatic stay in Mr. Kimber's first bankruptcy case (Count I); (b) avoidance of defective deed of trust (Count II); (c) declaratory relief (Count III); and (d) turnover (Count IV). *See* Texas Complaint, attached as Exhibit A to the Richards Decl.

In response to a motion to dismiss filed by the Texas AP Defendants, the Texas Bankruptcy Court entered an order on February 21, 2013. ("First Texas Order," Adv. Proc. No. 12-6040 (CAG), ECF Doc. # 41.) The First Texas Order dismissed with prejudice all claims against Turner and MERS (the "Non-Debtor Defendants"). First Texas Order ¶ 1. Additionally, the First Texas Order dismissed with prejudice all claims against GMACM and ETS, the Debtor Defendants, except Count I (violation of the automatic stay). *Id.* ¶¶ 2-3. In order for Plaintiffs to proceed with the sole surviving claim against the Debtor Defendants, the First Texas Order required Plaintiffs to file an amended complaint by March 6, 2013. *Id.* ¶ 4. The Plaintiffs failed to amend their complaint by the deadline. The Texas AP was closed on March 8, 2013, and the Texas Bankruptcy Court entered an order dismissing Count I with prejudice on March 19, 2013. ("Second Texas Order," Adv. Proc. No. 12-6040 (CAG), ECF Doc. # 46, and together with the First Texas Order, the "Texas Orders.")

### C.     The Adversary Proceeding Before This Court

On May 14, 2012 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in this Court. The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. Their chapter 11 cases (collectively, the "Bankruptcy Case") are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). (Case. No. 12-12020 (MG), ECF Doc. # 59.)

4

On November 26, 2012, Plaintiffs filed the Complaint initiating the instant Adversary Proceeding, and on November 29, 2012, a summons and notice of pretrial conference was issued. In the Complaint, Plaintiffs assert claims that are identical to those previously asserted in the Texas AP against the same Defendants.  In particular, Plaintiffs claim that Defendants violated the automatic stay in Mr. Kimber's first bankruptcy case by selling the Property in foreclosure (Count I).  Plaintiffs allege that the Deed of Trust is defective and should be avoided because the signature on the assignment by Turner is fraudulent and the Deed was not perfected (Count II). Plaintiffs seek declaratory relief from this Court stating that the Deed of Trust, Assignment and the asserted lien in the Property are void (Count III).  Last, Plaintiffs seek a turnover of the market value of the Property to Plaintiffs' bankruptcy estate (Count IV).  The Complaint requests that the bankruptcy court enter judgment in favor of Plaintiffs on all of the claims asserted in the Complaint.  Other than the language included in the prayer for relief, requesting that the bankruptcy court enter judgment in favor of Plaintiffs, the Complaint otherwise fails to comply with Local Bankruptcy Rule 7008-1 which requires that the Complaint "shall contain a statement that the pleader does or does not consent to the entry of final orders or judgment by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution."  To the extent that any claim in the Complaint is a non-core claim, the moving parties have explicitly consented to this Court's entry of a final judgment dismissing or preserving those claims.  Non-Debtors' Mot. at 1, Debtors' Mot. ¶ 3.

5

The Defendants filed their respective Motions on March 6, 2013. The Motions seek dismissal of the Complaint under Rule 12(b)(5) for insufficient service of process,[1] Rule 12(b)(6) for failure to state a claim upon which relief may be granted, and the judicial doctrines of collateral estoppel[2] and res judicata. Plaintiffs did not respond to the Motions or appear at the hearing on the Motions.

## II.     DISCUSSION

### A.     Authority to Enter Final Judgment

Count I of the Complaint alleges that Defendants violated the automatic stay created by the Bankruptcy Code, so the claim is a core matter over which the bankruptcy court may enter final judgment. 28 U.S.C. § 157(b). Other claims included in the Complaint appear to be non-core claims, but that issue need not be completely resolved. If a matter brought before the bankruptcy court is non-core, "the parties may consent to entry of a final order or judgment by a bankruptcy judge." *Oldco M Corp. v. Advanced Machine & Engineering Co.* (*In re Oldco M Corp.*), 484 B.R. 598, 605 (Bankr. S.D.N.Y. 2012) (*citing Stern v. Marshall*, 131 S. Ct. 2594, 2606, 2609 (2011)); 28 U.S.C. § 157(c)(2). Here, the defendants expressly consented to the Court entering final orders or judgment. Since filing the Complaint, the Plaintiffs have not appeared or filed any additional pleadings. While the Plaintiffs did not comply with Local Bankruptcy Rule 7008-1, they did expressly request that the Court enter judgment in their favor

---

[1]     The Plaintiffs have not filed an affidavit of service for the Complaint and Summons, and the Debtor Defendants assert that they have no record of being served, either directly or through counsel or registered agent. Because there are grounds for dismissing the Adversary Proceeding with prejudice, the Court does not address whether the Plaintiffs' deficient service of the Summons and Complaint creates an alternative ground for dismissal.

[2]     Collateral estoppel is a doctrine that precludes relitigating issues "if those issues were actually litigated and determined in [a] prior action and if their determination was essential to the judgment." RESTATEMENT (SECOND) OF JUDGMENTS § 17 (1982). The Court finds adequate grounds to dismiss the action based upon res judicata alone and therefore does not reach the issue of collateral estoppel.

on all of the claims in the Complaint. Under these circumstances, the Court concludes that the Plaintiffs likewise consented to the Court entering final orders or judgment in this case.

  **B.  Legal Standard**

  Bankruptcy Rule 7012 incorporates by reference Rule 12(b)-(i) of the Federal Rules of Civil Procedure (the "Rules"). FED. R. BANKR. P. 7012(b). A party may move to dismiss a cause of action based on the complaint's "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Rule 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).

  Following the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), courts use a two-prong approach when considering a motion to dismiss. *See L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 430 (2d Cir. 2011); *Harris v. Coleman*, 863 F. Supp. 2d 336, 340 (S.D.N.Y. 2012); *Bektic-Marrero v. Goldberg*, 850 F. Supp. 2d 418, 425 (S.D.N.Y. 2012); *King County, Wash. v. IKB Deutsche Industriebank AG*, 863 F. Supp. 2d 288, 297 (S.D.N.Y. 2012), *reh'g denied*, 863 F. Supp. 2d 317 (S.D.N.Y. 2012). First, the court must accept all factual allegations in the complaint as true, but should ignore legal conclusions clothed in factual garb. *Iqbal*, 556 U.S. at 677-79; *L-7 Designs*, 647 F.3d at 430; *Boykin v. Keycorp*, 521 F.3d 202, 204 (2d Cir. 2008). Second, the court must determine if these well-pleaded factual allegations state a "plausible claim for relief." *Iqbal*, 556 U.S. at 679. The only allegations that may survive a motion to dismiss are those that cross "the line between possibility and plausibility of entitle[ment] to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quotations omitted).

Whether entitlement to relief is plausible "depends on a host of considerations: the full factual picture presented by the complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render plaintiff's inferences unreasonable." *L-7 Designs*, 647 F.3d at 430.  Courts do not make plausibility determinations in a vacuum; it is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 663-64.  A claim is plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 663.  Complaints drafted by *pro se* plaintiffs are to be construed liberally, but they must nonetheless be supported by specific and detailed factual allegations sufficient to provide the court and the defendant with "a fair understanding of what the plaintiff is complaining about and . . . whether there is a legal basis for recovery." *Iwachiw v. New York City Bd. of Elections*, 126 Fed. Appx. 27, 29 (2d Cir. 2005) (citations omitted).

### C. The Doctrine of Res Judicata Requires That the Action Be Dismissed

Courts in this District have dismissed a complaint under Rule 12(b)(6) based on an affirmative defense, such as res judicata, otherwise known as claim preclusion.  *See Cost v. Super Media*, 482 B.R. 857, 863 (S.D.N.Y. 2012) (dismissing district court action against employer because plaintiff's proof of claim in employer's previous chapter 11 case was expunged); *Dellutri v. Village of Elmsford*, No. 10 Civ. 01212 (KMK), 2012 WL 4473268, at *4-5 (S.D.N.Y. Sept. 28, 2012).  "Under the doctrine of res judicata . . . [a] final adjudication on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Leather v. Eyck*, 180 F.3d 420, 424 (2d Cir. 1999) (*quoting Rivet v. Regions Bank of La.*, 522 U.S. 470, 476 (1998)).

To determine whether the Texas Orders bar the Plaintiffs from asserting claims in this adversary proceeding, the Court must consider whether (1) the prior decision was a final judgment on the merits; (2) the litigants were the same parties; (3) the prior court was of competent jurisdiction; and (4) the causes of action were the same. *Corbett v. MacDonald Moving Services, Inc.,* 124 F.3d 82, 88 (2d Cir. 1997).

Each of those conditions exist in this case and the action is therefore barred by res judicata. The Texas AP and this Adversary Proceeding involve identical parties (factor 2); the Texas Bankruptcy Court and this Court are both courts of competent—indeed identical—subject matter jurisdiction under 28 U.S.C. § 1334 (factor 3); and Plaintiffs alleged identical claims in both proceedings (factor 4).[3]

In addition, the Texas Orders amount to a final judgment on the merits (factor 1). Under Bankruptcy Rule 8002, Plaintiffs could have appealed either of the Texas Orders up until fourteen days after their respective entry. FED. R. BANKR. P. 8002(a). Not having made an appeal, the Texas Orders are now final.[4] In order for a judgment to be *on the merits*, "[r]es judicata does not require the precluded claim to actually have been litigated; its concern, rather, is that the party against whom the doctrine is asserted had a full and fair opportunity to litigate the claim." *EDP Med. Computer Sys., Inc. v. U.S.*, 480 F.3d 621, 626 (2d Cir. 2007). If a prior action was dismissed under Rule 12(b)(6), such a dismissal is "on the merits, with res judicata effects." *Teltronics Servs., Inc. v. L M Ericsson Telecommc'ns, Inc.*, 642 F.2d 31, 34 (2d Cir. 1981).

---

[3] The Court notes that even the same error in paragraph numbering appears at the same point in both complaints. *See* Texas Complaint, attached as Exhibit A to the Richards Decl., at 11.

[4] The First Texas Order, entered on February 21, was appealable until March 7, 2013. The Second Texas Order, entered on March 19, was appealable until April 2, 2013.

The Texas Orders were dismissals on the merits under Rule 12(b)(6). As plaintiffs in the Texas AP, Mr. and Mrs. Kimber had the opportunity to pursue their claims against the Defendants, and the First Texas Order notes that Plaintiffs' arguments were considered in deciding that motion. The Texas Bankruptcy Court gave Plaintiffs a chance to pursue their sole surviving claim against the Debtor Defendants, but the court made it clear that the claim would be dismissed unless Plaintiffs amended their complaint. Having attempted and failed to pursue these exact claims against these exact Defendants in Texas Bankruptcy Court, Plaintiffs are estopped from relitigating this action before this Court.

### III.    CONCLUSION

Having considered the arguments of the moving parties and for the reasons stated above, Debtors' Motion is **GRANTED** and Non-Debtors' Motion is **GRANTED**. Accordingly, the Court orders that the Complaint be dismissed with prejudice. Counsel for the moving parties shall prepare and submit a Judgment dismissing the Complaint with prejudice without costs.

**IT IS SO ORDERED.**

Dated:    April 8, 2013
         New York, New York

                                      *Martin Glenn*
                                    MARTIN GLENN
                          United States Bankruptcy Judge